

# IN THE
# TENTH COURT OF APPEALS

**No. 10-19-00059-CR**
**No. 10-19-00060-CR**
**No. 10-19-00061-CR**

**BRANNON ROBERT PARSONS,**

                                                                **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                **Appellee**

## From the 443rd District Court
## Ellis County, Texas
## Trial Court Nos. 42907CR, 42908CR, & 42909CR

## MEMORANDUM OPINION

Brannon Parsons appeals from three convictions for the offenses of possession of methamphetamine (No. 10-19-00059-CR), harassment by a person in a correctional facility (No. 10-19-00060-CR), and unauthorized use of a motor vehicle (No. 10-19-00061-CR).  Parsons complains that the sentence assessed in Cause No. 10-19-00061-CR relating

to the unauthorized use of a motor vehicle is illegal because it was improperly enhanced, and that the sentences as to all three convictions violate the United States and Texas Constitutions. Because we find that the sentence assessed was improper in Cause No. 10-19-00061-CR, we reverse that judgment and remand this proceeding for a new trial on punishment only in trial court Cause No. 42909CR. Because we find no other reversible error, we affirm the judgments in Cause Nos. 10-19-00059-CR and 10-19-00060-CR.

**ILLEGAL SENTENCE**

In his first issue, Parsons complains that the sentence assessed in Cause No. 10-19-00061-CR was illegal because the enhancement paragraphs did not support increasing his punishment range to that of a third degree felony. Unauthorized use of a motor vehicle is a state jail felony. *See* TEX. PENAL CODE ANN. § 31.07(b). The punishment range for a state jail felony may be enhanced only if certain conditions are met. *See* TEX. PENAL CODE ANN. § 12.425. Parsons contends, and the State agrees, the sentence was illegally enhanced and therefore, the punishment assessed was outside of the proper range. We agree with Parsons and the State. Parsons's first issue is sustained.

**GROSSLY DISPROPORTIONATE SENTENCES**

In his second and third issues, Parsons argues that the sentences assessed in each conviction were grossly disproportionate pursuant to the Eighth Amendment to the

United States Constitution and Article I, Section 13 of the Texas Constitution.[1]  Parsons was assessed the maximum-allowed period of incarceration and fine for each conviction. In order to preserve a complaint that a sentence is grossly disproportionate for appellate review, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired.  *See* TEX. R. APP. P. 33.1(a)(1); *Ladd v. State*, 3 S.W.3d 547, 564 (Tex. Crim. App. 1999) (concluding defendant did not preserve cruel and unusual punishment complaint for appellate review).  Parsons did not object to the trial court at the time his sentence was imposed or raise this issue in his motion for new trial.  Because he did not, these complaints have not been preserved for our review.  We overrule issues two and three.

**CONCLUSION**

Having found that the sentence assessed in Cause No. 10-19-00061-CR was illegal, we reverse the judgment of conviction and remand that proceeding for a new trial on punishment only.  We affirm the judgments in Cause Nos. 10-19-00059-CR and 10-19-00060-CR.

TOM GRAY
Chief Justice

---

[1] Because we have already determined that the sentence in Cause No. 10-19-00061-CR is to be reversed and remanded for a new punishment trial, our analysis of these issues is limited to the other two convictions in Cause No. 10-19-00059-CR and Cause No. 10-19-00060-CR.

Before Chief Justice Gray,
      Justice Davis, and
      Justice Neill
Reversed and remanded in part; Affirmed in part
Opinion delivered and filed August 21, 2019
Do not publish
[CRPM]

